*Rodas v. Family Services, Incorporated*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>JOHN M. WALKER, JR.,
>GUIDO CALABRESI,
>>*Circuit Judges.*

_____

Byron Rodas,

>>*Plaintiff-Appellant*,

>v.                                                                                          16-4123

Family Services, Incorporated, Kelly Blunt, Shannon Tait, Relapse Intervention for Sex Crimes, Program, (RISC),

>>*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Byron Rodas, *pro se*, Dannemora, NY.

FOR DEFENDANTS-APPELLEES:          Brendan T. Fitzpatrick, Goldberg Segalla LLP, Garden City, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Byron Rodas appeals from a judgment *sua sponte* dismissing his suit brought under 42 U.S.C. § 1983. Rodas was enrolled in a Relapse Intervention for Sex Crimes ("RISC") program run by Appellees. He was discharged from that program, which resulted in his imprisonment. In 2014, Rodas sued Appellees, asserting due process and equal protection claims stemming from his discharge from the program. The district court dismissed his complaint for failure to allege state action, and we dismissed his appeal as untimely. In 2016, Rodas again sued Appellees based on his discharge from the program. The district court *sua sponte* dismissed his complaint as barred by claim preclusion. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* 28 U.S.C. § 1915(e)(2) dismissal *de novo*, *Giano v. Goord*, 250 F.3d 146, 149—50 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002), and conclude that the district court properly dismissed the complaint as claim precluded. A claim is precluded when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Pursuant to this three-prong test, the district court properly found that Rodas' 2014 action ended in an adjudication on the merits; that the 2014 action and the current one involved the same parties; and that both the 2014 action and the

2

current one asserted constitutional claims under § 1983 based on Rodas' discharge from the RISC program.

Moreover, the Appellees' refusal to provide certain documents to Rodas following the termination of his 2014 action does not transform his present action into a "new" claim. Rodas argues in both actions that he had a liberty interest in staying in the RISC program—and thus out of jail—and Appellees deprived him of that interest without due process. Rodas has not established that he has a separate liberty interest in the documents he later tried to obtain from them.

We have considered Rodas' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3